**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 14-CV-24277-MARTINEZ-GOODMAN**

**COMPANHIA ENERGETICA POTIGUAR,**

**Plaintiff,**

**vs.**

**CATERPILLAR INC., CATERPILLAR AMERICAS SERVICES CO., and CATERPILLAR AMERICAS CO.,**

**Defendants.**

---

**DEFENDANTS' MOTION TO STRIKE "DECLARATION OF OLE HAALAND IN OPPOSITION TO CATERPILLAR'S MOTION TO EXCLUDE THE OPINIONS AND TESTIMONY OF OLE HAALAND" WITH INCORPORATED MEMORANDUM OF LAW**

In support of Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Exclude the Opinions and Testimony of John Poulson, Ole Haaland, Joseph Crosson, James Fitch, and Henry Fuentes (hereinafter, "Opposition" or "Opp."), CEP attached a "declaration" from one of its experts, Ole Haaland, that was not submitted during expert discovery. (Opposition, Docket No. 316, Ex. 3.) Caterpillar respectfully moves to strike this improper expert testimony. In support of its request, Caterpillar shows the Court the following:

1. On September 18, 2015, the Court entered an Amended Scheduling Order, setting deadlines for, *inter alia*, expert discovery. (Docket No. 177.) The following deadlines were established for the parties' expert reports:

| | |
|---|---|
| Opening Reports | October 1, 2015 |
| Rebuttal Reports | November 9, 2015 |

2. Haaland submitted an expert report on October 1, 2015 and a rebuttal report on November 9, 2015. Haaland offered unsupported opinions on power plant design, CEP's operation and maintenance practices, and the costs to CEP of operating the Gensets. Caterpillar deposed Haaland on January 31, 2016.[1]

3. Expert discovery closed on January 29, 2016. (Docket No. 208.) Almost three months later, CEP attached Haaland's declaration in support of its Opposition, which is an effort by CEP to serve an untimely supplemental report containing new information not previously disclosed in Haaland's expert reports. As an example, Haaland added new opinions on the differences between the Caterpillar Power Module (the product on which he opined) and the Caterpillar Generator Set (the product at issue in this litigation). (*See* Declaration, ¶¶ 6-9.) This is improper. *Friebel v. Paradise Shores of Bay County, LLC*, 2011 U.S. Dist. LEXIS 62847, at *7 (N.D. Fla. June 13, 2011) (striking expert report that "was not a natural extension of the report").

4. CEP's attempted end-run around the Court's Scheduling Order is improper and this untimely supplemental report should be stricken from the record. The Court has broad discretion to enforce deadlines and maintain compliance with discovery and pretrial orders. *Carter v. Broward County Sheriff's Dep't*, No. 11-61966-CIV, 2012 U.S. Dist. LEXIS 183144, at *7 (S.D. Fla. Dec. 7, 2012) ("District Courts have broad discretion, through the use of scheduling orders, to manage their own case loads."); *Nat'l Steel City, LLC v. Outokumpu Stainless USA, LLC*, No. 13-0272, 2014 U.S. Dist. LEXIS 1885, at *9-10 (S.D. Ala. Jan. 8, 2014) (same); *see also* Fed. R. Civ. P. 16(b)(4). CEP did not request – or receive – court leave before submitting Haaland's untimely declaration.

[1] The Court permitted Caterpillar to depose Haaland after the discovery cut-off of January 29, 2016. (Docket No. 230.)

5. Further, courts have broad discretion to exclude untimely disclosed expert-witness testimony – even under the guise of "supplemental." *See Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1252 (11th Cir. 2007) ("a supplemental expert report may be excluded pursuant to Federal Rule of Civil Procedure 37(c) if a party fails to file it prior to the deadline imposed"); *Cook v. Royal Caribbean Cruises*, No. 11-20723, 2012 U.S. Dist. LEXIS 83226, at *5-7 (S.D. Fla. June 15, 2012) (Goodman, M.J.) (refusing to allow supplemental report after discovery cut-off); *Goodbys Creek, LLC v. Arch Ins. Co.*, No. 3:07-cv-947, 2009 U.S. Dist. LEXIS 40885, at *7 (M.D. Fla. Apr. 27, 2009) ("Rule 26(e) allows supplementation of expert reports ***only*** where a disclosing party learns that its information is incorrect or incomplete….[A] report that suffers from a major omission cannot be cured by the use of supplementation.") (internal quotations omitted) (emphasis added); *Cochran v. Brinkmann Corp.*, No. 1:08-cv-1790, 2009 U.S. Dist. LEXIS 114895, at *15 (N.D. Ga. Dec. 9, 2009) (Rule 26(e) "is not a device to allow a party's expert to engage in additional work, or to annul opinions or offer new ones to perfect a litigating strategy."), *aff'd*, 381 F. App'x 968 (11th Cir. 2010); *Friebel*, 2011 U.S. Dist. LEXIS 62847, at *5-6 (supplemental disclosures prohibited "whenever a party wants to bolster or submit additional expert opinions [because it] would reek [sic] havoc in docket control and amount to unlimited expert opinion preparation"); *Jones Creek Investors, LLC v. Columbia Cnty.*, 98 F. Supp. 3d 1279, 1289 (S.D. Ga. 2015) ("[Rule] 26(e) does not permit supplementation to add points that could have been made in the original expert report or to otherwise shore up weaknesses or inadequacies, and there is no reason why the new assumptions and methodologies used in the second report could not have been adopted and disclosed in the first during the discovery period.").

6. CEP was given an opportunity to ask questions of Haaland during his deposition,

yet chose not to ask any questions. All the additional information provided in Haaland's supplemental declaration, which should have been included in his expert reports in the first place, could have been elicited by CEP's counsel during the deposition time. Waiting three additional months to do so only after reading and analyzing Defendants' dispositive motions is unduly prejudicial. *Fleming v. Verizon N.Y., Inc.,* 03 Civ. 5639, 2006 WL 2709766 at *8 (S.D.N.Y. Sept. 22, 2006) (Pauley, J.) ("[Defendant] would be prejudiced by the admission of the [expert] declarations, because it made its motion for summary judgment based on what it thought to be all of the evidence accumulated in discovery.").

7. When a party fails to comply with Rule 26, the sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation was either justified or harmless. *See* Fed. R. Civ. P. 37(c)(1); *Cooper v. Southern Co.*, 390 F.3d 695, 728 (11th Cir. 2004), *overruled on other grounds*, *Ash v. Tyson Foods, Inc.*, 546 U.S. 454, 457 (2006); *Mitchell v. Ford Motor Co.*, 318 Fed. App'x 821, 825 (11th Cir. 2009); *United States v. Batchelor-Robjohns*, No. 03-201640-CIV, 2005 U.S. Dist. LEXIS 13552, at *8 (S.D. Fla. June 3, 2005) ("Rule 37(c)(1) requires absolute compliance with Rule 26(a), in that it mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or substantially justified.") (internal quotations omitted). CEP made no effort to justify the untimely report by requesting leave of Court; instead it simply resorted to unilateral self-help.

8. Furthermore, allowing Haaland's untimely report to stand would unduly prejudice Caterpillar, who completed Haaland's deposition, made strategic decisions, and filed summary judgment and *Daubert* motions based on Haaland's timely reports. Under such circumstances, striking Haaland's declaration is an appropriate sanction for CEP's failure to comply with the Court's Scheduling Order.

9. Haaland's declaration is also an improper attempt to circumvent the Court's 40-page limit for *Daubert* opposition briefs. (Docket No. 278.) The declaration directly responds to Caterpillar's *Daubert* motion and extends CEP's argument beyond the four corners of its Opposition. Thus, CEP improperly circumvents this Court's Order on page limit.

10. Because the declaration contains argument that is not in the body of CEP's Opposition brief, Caterpillar requests the Court refuse to consider it. *United States EEOC v. SunTrust Bank*, No. 8:12-cv-1325, 2014 U.S. Dist. LEXIS 60017, at *9-10 (M.D. Fla. Apr. 30, 2014 (striking and refusing to consider an exhibit on the basis that "providing additional discussion of the evidence in the guise of an exhibit is a wayward attempt to exceed the page limits established for the efficient administration of justice"); *Segal v. Rickey's Rest. & Lounge, Inc.*, No. 11-61766-CIV, 2012 U.S. Dist. LEXIS 87379, at *26-27 (S.D. Fla. June 25, 2012) (refusing to consider legal argument not set forth in the memorandum of law).

WHEREFORE, for the following reasons, Caterpillar respectfully requests that the Court strike from the record Haaland's untimely supplemental expert report, Exhibit 3 to CEP's Opposition.

**CERTIFICATE OF GOOD FAITH CONFERENCE**

The undersigned certifies that prior to filing this motion, counsel for Caterpillar conferred with counsel for Plaintiff on April 27, 2016 regarding the relief sought in this motion, and was informed that Plaintiff does not agree to the relief sought herein.

Dated: April 28, 2016

BAKER & HOSTETLER LLP

Robert G. Abrams
rabrams@bakerlaw.com
Gregory J. Commins, Jr.
gcommins@bakerlaw.com
Maria R. Coor
mcoor@bakerlaw.com
Shawnna M. Yashar
syashar@bakerlaw.com
Washington Square, Suite 1100
1050 Connecticut Avenue, NW
Washington, DC 20036-5304
Telephone: 202.861.1500
Facsimile: 202.861.1783

SEDGWICK LLP

By: /s/ Charles S. Davant
Kimberly A. Cook
Florida Bar No. 014320
kimberly.cook@sedgwick.com
Ramon A. Abadin
Florida Bar No. 707988
ramon.abadin@sedgwicklaw.com
Charles S. Davant
Florida Bar No. 15178
charles.davant@sedgwicklaw.com
2 South Biscayne Blvd., Suite 1500
Miami, Florida 33131
Telephone: 305-670-4777
Facsimile: 305-670-4777

Sherylle A.O. Francis
Florida Bar No. 00761621
sherylle.francis@sedgwicklaw.com
2400 E. Commercial Blvd. Ste. 1100
Ft. Lauderdale, Florida 33308
Telephone: 954-958-2500
Facsimile: 954-958-2513

*Attorneys for Defendants, CATERPILLAR INC., CATERPILLAR AMERICAS SERVICES CO., and CATERPILLAR AMERICAS CO.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF and email on April 28, 2016, on all counsel or parties of record on the Service List below.

*/s/ Charles S. Davant*
Charles S. Davant

## SERVICE LIST

| | |
|---|---|
| VENABLE LLP<br><br>*Patrick J. Boyle<br>pboyle@venable.com<br>*Jessie F. Beeber<br>jbeeber@venable.com<br>*Sarah S. Park<br>spark@venable.com<br>*Nicholas M. Buell<br>nbuell@venable.com<br>Rockefeller Center<br>1270 Avenue of the Americas, 27th floor<br>New York, New York 10020<br>Telephone: 212-307-5500<br>Facsimile. 212-307-5598<br><br>*Randall K. Miller<br>*Nicholas DePalma<br>8010 Towers Crescent Drive, Ste. 300<br>Tysons Corner, VA 22182<br>Telephone: 703-905-1449<br>Facsimile: 703-821-8949<br>rkmiller@venable.com<br>nmdepalma@venable.com<br><br>* *admitted pro hac vice*<br><br>*Counsel for Plaintiff* | HALL, LAMB, AND HALL, P.A.<br><br>Andrew C. Hall<br>Florida Bar No. 111480<br>andyhall@hlhlawfirm.com<br>Matthew P. Leto<br>Florida Bar No. 14504<br>mleto@hlhlawfir.com<br>2665 South Bayshore Drive<br>Penthouse One<br>Miami, Florida 33133<br>Telephone: 305-374-5033<br>Facsimile: 305-374-5030<br><br>*Local Counsel for Plaintiff* |