UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 14-24277-CIV-Martinez/Louis

COMPANHIA ENERGÉTICA POTIGUAR,

    Plaintiff,

    --against--

CATERPILLAR INC., CATERPILLAR
AMERICAS SERVICES CO. and
CATERPILLAR AMERICAS CO.,

    Defendants.

**PLAINTIFF'S MOTION TO UNSEAL ORDER ON
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................................... 1

STATEMENT OF FACTS .................................................................................................................. 1

ARGUMENT ....................................................................................................................................... 3

    I.    Defendants Must Show Good Cause Why the Summary Judgment
         Order Should Remain Sealed ................................................................................................. 3

    II.   Defendants Have Not, and Cannot, Meet The "Good Cause" Standard ...................... 4

CONCLUSION .................................................................................................................................... 6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*BASF Corp. v. SNF Holding Co.*,
   No. 4:17-CV-251, 2019 WL 3554699 (S.D. Ga. Aug. 5, 2019)............................................4, 5

*Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*,
   263 F.3d 1304 (11th Cir. 2001) ........................................................................................3, 6

*Emess Capital, LLC v. Rothstein*,
   841 F. Supp. 2d 1251 (S.D. Fla. 2012) .............................................................................3, 4

*FTC v. AbbVie Products LLC*,
   713 F.3d 54 (11th Cir. 2013) ................................................................................................4

*Sony Comput. Entm't Am., Inc. v. NASA Elecs. Corp.*,
   No. 07-CV-20819, 2008 WL 11333414 (S.D. Fla. Feb. 12, 2008) .........................................3

Plaintiff, Companhia Energética Potiguar ("CEP" or "Plaintiff") hereby respectfully requests that this Court unseal the Order on Defendants' Motion for Summary Judgment dated January 14, 2020 (the "Summary Judgment Order") (DE 504), and in support thereof states as follows:

## PRELIMINARY STATEMENT

Defendants' summary judgment motion was filed under seal. At that time, Defendants did not provide good cause for sealing. Because the summary judgment motion was filed under seal, this Court issued its Summary Judgment Order under seal as well.

Plaintiff now seeks to have the Summary Judgment Order unsealed. Under the Local Rules, the general policy of this Court is that proceedings are public, and Court filings are matters of public record. The presumption is that decisions on dispositive motions should be available to the public, and only sealed upon a showing of good cause. Here, while Defendants do not join in this motion, they also have not identified anything contained in the Order as confidential, nor have they provided Plaintiff with any other reason why the Summary Judgment Order must remain under seal. In the absence of good cause, Plaintiff's motion should be granted and the Order should be unsealed.

## STATEMENT OF FACTS

On April 1, 2016, defendants Caterpillar Inc., Caterpillar Americas Services Co. and Caterpillar Americas Co. (collectively, "Defendants") filed a motion for leave to file their summary judgment papers under seal (the "Motion to Seal") (DE 302). Defendants did not make a showing of good cause on the Motion to Seal, instead they stated that the parties had a general agreement "not [to] oppose motions requesting leave to seal exhibits, nor object to the sealing of

documents." *Id.* Plaintiff did not oppose the Motion to Seal, and this Court granted it without a finding of good cause. (DE 304, Paperless Order granting Motion to Seal).

On January 15, 2020, this court issued the Summary Judgment Order under seal. Because the Order did not appear to have any confidential information in it, on January 27, 2020, Plaintiff asked Defendants if they would consent to having the seal lifted. Beeber Decl. ¶ 4. Defendants stated that they did not agree to unseal the Order, on the basis that the summary judgment submissions had been filed under seal, and that the Court's Order contained extensive discussion of the same confidential information that was included in those filings. Beeber Decl. ¶ 4. Plaintiff then attempted to meet and confer with Defendants on several occasions, with the hopes of understanding what specific information Defendants believed was confidential, and presenting a joint proposed redacted version of the Summary Judgment Order to the Court that could be filed in the public record without objection from either party. Beeber Decl. ¶ 5. The parties had previously engaged in that same process with respect to Magistrate Judge Goodman's Sealed Omnibus Report and Recommendations Concerning *Daubert* Motions. (DE 396). There, Judge Goodman had ordered as follows:

> This Report is being filed under seal because the parties filed the various documents concerning the *Daubert* motions under seal. The Undersigned has a general negative view of sealed orders, especially when they concern issues far more significant than discovery disputes. Therefore, I am provisionally filing the Report under seal. The parties shall, within seven days of this Report, file a joint proposed redacted version of this Report, appropriate for public filing . . . . Only a modest portion, if any, of this Report should remain confidential . . . . The parties should redact only information which is genuinely confidential . . . [and] should follow the rule that a mere *preference* to avoid a public filing of information is insufficient.

(DE 396 at n.1) (emphasis in original).

The parties engaged in that process, and ultimately informed Magistrate Judge Goodman's chambers that the parties consented to filing the entire Report publicly on the docket, without redaction.  (DE 400, ¶ 8).

Here, Defendants have declined to identify anything specific in the Summary Judgment Order that they believe is confidential, and asked Plaintiff to inform the Court that they do not join in this motion.  Beeber Decl. ¶ 6.

## ARGUMENT

### I.  Defendants Must Show Good Cause Why the Summary Judgment Order Should Remain Sealed

On this motion, the burden sits squarely on the Defendants to show good cause why the Summary Judgment Order should remain under seal.  *See Sony Comput. Entm't Am., Inc. v. NASA Elecs. Corp.*, No. 07-CV-20819, 2008 WL 11333414, at *1–2 (S.D. Fla. Feb. 12, 2008) ("The party seeking to have a particular matter sealed shall establish good cause to do so.") (granting motion to unseal document where plaintiff failed to demonstrate why it should remain under seal); *see also Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001) (the prerequisite for a Rule 26(c) protective order is "a showing of 'good cause' made by the party seeking protection.").

This is because "[a]ll court filings are presumptively a matter of public records and cannot be sealed absent specific legal authority or court order." *Emess Capital, LLC v. Rothstein*, 841 F. Supp. 2d 1251, 1254 (S.D. Fla. 2012) (citing Local Rule 5.4(a)) (the "General Policy" of this Court is that "[u]nless otherwise provided by law, Court rule or Court order, proceedings in the United States District Court are public and Court filings are matters of public record"). Under Local Rule 5.4(b)(1), a motion to seal must also "set[] forth the factual and legal basis for departing from the policy that Court filings are public." *See also Sony Comput. Entm't*, 2008

3

WL 11333414, at *1 (citing Local Rule 5.4(a), and noting that "even if the parties jointly desire certain matters to be sealed, this is insufficient cause to remove these matters from the public record of proceedings.").

As for summary judgment decisions in particular, they are "judicial record[s] to which the strong presumption of public access applies." *FTC v. AbbVie Products LLC*, 713 F.3d 54, 61–63 (11th Cir. 2013). This is true even if a summary judgment decision refers to underlying discovery materials that were filed under seal. *Id.* at 63 (quoting *Chicago Tribune Co.*, 263 F.3d at 1312) (general rule is that "material filed with discovery motions is not subject to the common-law right of access, whereas discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right.") Again, the burden is on the party resisting unsealing to demonstrate good cause for that continued protection. *See BASF Corp. v. SNF Holding Co.,* No. 4:17-CV-251, 2019 WL 3554699, at *2 (S.D. Ga. Aug. 5, 2019) ("The Summary Judgment Order, containing quoted and excerpted discovery material covered by the Protective Order, was initially sealed but has since been unsealed based on the Court's finding that Plaintiff failed to show 'good cause' to keep it shielded from the public's presumed right of access to judicial records."); *Emess Capital*, 841 F. Supp. 2d at 1254 ("[P]arties generally cannot keep from public view discovery materials filed with the court in connection with dispositive motions.").

Thus, to the extent that Defendants oppose this motion, the burden is on them to establish good cause to keep the Summary Judgment Order under seal.

## II. Defendants Have Not, and Cannot, Meet The "Good Cause" Standard

Here, Defendants have not shown good cause as to why the Summary Judgment Order should remain under seal.

4

In the meet and confer process leading up to the filing of this motion, Defendants did not identify any specific information contained in the Summary Judgment Order that they believed required confidential treatment. Instead, they relied on a blanket statement that the Order contained the same confidential information that was in the summary judgment submissions the parties had previously filed under seal. But that statement is insufficient to demonstrate good cause here, because Defendants' original Motion to Seal did not contain any showing of good cause, nor did this Court specifically find good cause for granting that Motion. *See* DE 302; DE 304.

To the extent that Defendants are relying on the fact that some of the documents submitted on the summary judgment motion bore a "confidential" designation, that too is insufficient. A party may not establish good cause merely by designating a document as confidential pursuant to an agreement entered into by the parties to the litigation. Rather, if challenged, that party must independently justify why that particular information should be protected. *See BASF Corp.*, 2019 WL 3554699, at *1 ("Though a stipulated protective order may provide that documents designated confidential are presumptively protected, a party's calling a document confidential pursuant to a protective order 'does not make it so' when it comes to filing the document with the Court.") (quoting *In re Estate of Martin Luther King, Jr., Inc. v. CBS, Inc.*, 184 F. Supp. 2d 1353, 1362 (N.D. Ga. 2002) ("[C]onsensual protective orders merely delay the inevitable moment when the court will be called upon to determine whether Rule 26(c) protection is deserved, a decision ultimately rooted in whether the proponent demonstrates 'good cause.'")).

Nor can Defendants meet that good cause standard for any of the information contained in the Summary Judgment Order. Specifically, to establish under Rule 26(c)(G) that the information

5

was "a trade secret or other confidential research, development, or commercial information," Defendants would have to show "that they have consistently treated the information as closely guarded secrets, that the information represents substantial value to [them], that it would be valuable to [their] competitors, and that it derives its value by virtue of the effort of its creation and lack of dissemination." *Chicago Tribune Co.*, 263 F.3d at 1313.

In sum, Defendants have not demonstrated that the Summary Judgment Order contains any information that is sufficiently confidential to overcome the public's right to access this judicial record. This Court should grant Plaintiff's motion and unseal the Order.

## **CONCLUSION**

For the foregoing reasons, CEP respectfully requests that this court grant Plaintiff's Motion to Unseal Order on Defendants' Motion for Summary Judgment and award such other and further relief to which Plaintiff may be entitled, whether at law or in equity.

## **CERTIFICATE OF GOOD FAITH CONFERENCE**

The undersigned certifies that prior to filing this motion, counsel for Plaintiff conferred with counsel for Defendants regarding the relief sought in this motion and was informed that Defendants did not agree to the relief sought herein.

Dated: February 7, 2020                                     Respectfully submitted,


                                            HALL, LAMB, HALL & LETO, P.A.

/s/ Matthew P. Leto
Matthew P. Leto, Esq.
2665 South Bayshore Drive
Penthouse One
Miami, Florida 33133
Phone: (305) 374-5033
Fax: (305) 374-5030
andyhall@hlhlawfirm.com
mleto@hlhlawfirm.com

*Local Counsel for Plaintiff*

VENABLE LLP

*Jessie F. Beeber
*Patrick J. Boyle
Rockefeller Center
1270 Avenue of the Americas, 24th Floor
New York, NY 10020
Phone: (212) 307-5500
Fax: (212) 307-5598
jbeeber@venable.com
pboyle@venable.com

*Emily A. Seiderman
1290 Avenue of the Americas, 20th Floor
New York, NY 10104
Phone: (212) 503-9816
Fax: (212) 218-2200
easeiderman@venable.com

*Lead Counsel for Plaintiff*
**admitted pro hac vice*

7

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 7, 2020 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

/s/ Matthew P. Leto
Matthew P. Leto

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 14-24277-CIV-Martinez/Louis

COMPANHIA ENERGÉTICA POTIGUAR,

    Plaintiff,

--against--

CATERPILLAR INC., CATERPILLAR
AMERICAS SERVICES CO. and
CATERPILLAR AMERICAS CO.,

    Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION TO UNSEAL
## ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** comes before the Court on Plaintiff's Motion to Unseal the Court's Order on Defendants' Motion for Summary Judgment (DE 504).

Having considered the relevant factors, the Court finds that Defendants have failed to establish good cause for keeping the Order under seal and the public's right to access outweighs any other interest Defendants have in keeping the Order under seal.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

Plaintiff's Motion to Unseal the Summary Judgment Order is **GRANTED**.

**DONE AND ORDERED** in Chambers in Miami, Florida this \_\_\_ day of

_____ , 2020.

_____
**JOSE E. MARTINEZ**
**UNITED STATES DISTRICT JUDGE**